**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAVINDER KAUR, | No. 08-71257 |
| Petitioner, | Agency No. A098-525-601 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges

Ravinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from the

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

Kaur asserts that she suffered a one day detention, numerous insults, and physical harassment including being pushed, touched inappropriately, and slapped. Substantial evidence supports the agency's finding that these incidents, even considered cumulatively, do not rise to the level of persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation by police did not compel a finding of past persecution by Chinese police); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1996) (being hit, kicked, and questioned during detention did not compel a finding of persecution).

In addition, given the lack of continuing police interest in Kaur, and the lack of problems for her aunt, substantial evidence supports the agency's finding that Kaur failed to establish a well-founded fear of persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (internal quotation marks and citation omitted) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident...").

Because Kaur failed to establish her eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182*,* 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's finding that Kaur did not establish a clear probability that she would be tortured if returned to India. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007). Accordingly, her CAT claim fails.

**PETITION FOR REVIEW DENIED.**